## No. 2258.
### Second Circuit Appeal.

## HARVEY BARDWELL v. DR. W. E. REID.

(June 6, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Automobiles—Par. 7** Where both plaintiff and defendant in a damage suit resulting from an automobile collision are guilty of negligence, the court will leave the matter as it is. (Civil Code, Art. 2315. Editor's note.)

Appeal from Thirteenth Judicial District Court of Louisiana, Parish of Rapides. Hon. J. A. Williams, Judge.

This is a damage suit arising out of an automobile collision.

There is a reconventional demand. There was judgment rejecting all demands. Plaintiff appealed.

Judgment affirmed.

K. Hundley, of Alexandria, attorney for plaintiff, appellant.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellee.

CARVER, J. Plaintiff sues defendant for damages to his person and to his automobile received in a collision with an automobile belonging to defendant and driven by George Dove.

Defendant reconvenes for damages for injuries received by his automobile in the collision.

Plaintiff charges defendant with negligence in driving at an excessive rate of speed on the wrong side of the road and in other respects. Defendant charges plaintiff with negligence of the same kind. The charges are respectively testified to by plaintiff on the one side and by Dove on the other. Each is supported by the testimony of others and each claims support by the physical facts—plaintiff by the fact that when his car stopped it was well on his side of the road, and defendant by the fact that his car at the moment of collision was, as he claims, on his right, as shown by the marks made on the roadbed by the hub of his left front wheel which was smashed by the collision, allowing the hub to drag to the roadbed, along which it scraped until the car stopped. Plaintiff's car, though, moved a considerable distance after the collision. The collision was between the left front wheels of the respective cars, but after they both came to a halt their hind wheels were about opposite each other. This reduces the weight of the facts relied on by plaintiff. On the other hand, the proof is not convincing as to whether the scraping was towards the left or the right. Plaintiff's lights were too bright and blinded Dove, which defendant alleges was negligence on plaintiff's part. Dove continued to drive, though blinded, which plaintiff claims was negligence on his part. This seems an offset.

In our opinion no clear inference can be drawn from the physical facts, and the testimony is too evenly balanced to enable us to place the blame for the accident.

The burden was on plaintiff to show negligence on the part of the driver of defendant's car, and on defendant to show negligence on the part of the plaintiff.

Evidently the district judge did not consider that either had sufficiently discharged this burden and he rejected the demands of both parties. We cannot say he erred. This conclusion makes it unnecessary to consider defendant's other ground of defense, namely: That, in using defendant's automobile, Dove was not acting in the scope of. his employment.

The decision of the lower court is affirmed.